NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDDIE JOHNSON | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-cv-1275 (DMC) |
| U.S. POSTAL SERVICES, et als., FRANK BONGIOVANNI, individually, EMILIO P. MILITO, individually, SOO-D. DRAYTON, individually, TOMMY THOMAS, individually, NATIONAL POSTAL MAIL HANDLERS UNION, et als., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Defendants U.S. Postal Service ("Postal Service"), Frank Bongiovanni ("Bongiovanni"), Emilio P. Milito ("Milito"), Delphine Drayton[1], ("Drayton"), Tomy Thomas[2] ("Thomas"), National Postal Mail Handlers Union ("the Union") to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) or in the alternative for Rule 56 summary judgment. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants motion to dismiss and for summary judgment is **granted**.

---

[1] Defendant Drayton was improperly pled as Soo-D Drayton.

[2] Defendant Thomas was improperly pled as Tommy Thomas.

**I.     BACKGROUND**

    **A.     Factual Background**

        1.     Parties

Plaintiff Eddie Johnson ("Johnson") commenced employment with the Postal Service in 1993. Throughout his employment with the Postal Service Johnson had been a mail handler. His duties included loading, unloading and moving bulk mail as well as other duties incidental to moving and processing mail.

Defendant Thomas was one of Plaintiff's supervisors for a brief period in 1993 in the Paterson Processing & Distribution Center and again in 2004 at the Northern New Jersey Processing and Distribution Center in Teterboro, New Jersey. Defendant Drayton acted as Management's Step One grievance representative in response to discipline that had been issued to Plaintiff for lateness on May 27, 2005. Defendant Frank Bongiovanni is the Plant Manager for the Northern New Jersey Processing and Distribution Center where Plaintiff worked. Defendants Postal Service, Thomas, Drayton and Bongiovanni are hereinafter collectively referred to as the "federal Defendants."

Defendant Union is a labor organization within the meaning of § 152(5) and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The Union is a private, non-governmental entity and has been the exclusive representative of mail handlers employed by the Postal Service at mail handling facilities throughout New York, New Jersey and Connecticut, including the locations where Plaintiff worked. Union Defs. Rule 56.1 Statement ¶2. Defendant Milito is Branch President of the Union. Defendants Union and Milito are hereinafter collectively referred to as the "Union Defendants."

        2.        <u>Plaintiff's Employment with the Postal Service</u>

Plaintiff claims that he was denied promotions and was retaliated against based on his race throughout Plaintiff's employment with the Postal Service. A number of disciplinary actions were taken against Johnson and the Union filed several grievances on his behalf. Ultimately, Plaintiff's employment was terminated on March 7, 2006. Defendant Thomas signed Plaintiff's Notice of Proposed Removal citing two causes for termination: absence without official leave and unacceptable conduct. The Union filed grievances on Plaintiff's behalf relating to the March 7, 2006 termination. The Union is currently awaiting responses on its appeals from the Postal Service relating to these grievances.

**B.**    **Procedural Background**

Plaintiff initiated this action *pro se* and has since acquired representation. Thus, it should be noted that Plaintiff's initial pleadings were filed *pro se* and are therefore afforded certain leniency. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

Subsequent to the Union Defendants' filing of the motion to dismiss and for summary judgment, Plaintiff invoked Federal Rule of Civil Procedure 56(f), seeking "a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." Fed. R. Civ. P. 56(f). In Plaintiff's submission in support of a Rule 56(f) continuance he did not identify any information that would assist him in defeating Defendants' motion to dismiss or for summary judgment. Accordingly, this Court did not grant Plaintiff's application pursuant to Rule 56(f). As set forth more fully below, Plaintiff's request for additional discovery would not assist him in litigating facially deficient claims. Further, additional discovery would not assist Plaintiff in raising a material issue of fact where the incontrovertible documentary evidence shows that the Union has fully

represented Plaintiff or is in the process of doing so.

## II.   STANDARD OF REVIEW

Defendants move to dismiss pursuant to Rule 12(b)(6) and for summary judgment pursuant to Rule 56. The majority of Plaintiff's claims are facially deficient and are dismissed pursuant to Rule12(b)(6). Additionally, some of Plaintiff's claims fail to satisfy the Rule 8 pleading requirement and are dismissed on those grounds. The LMRA claims required that the Court look to additional documentary evidence. Accordingly, as to these counts the Court grants summary judgment in favor of Defendants.

### A.   Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right

to relief above the speculative level." Id. at 1965.

Ordinarily, a 12(b)(6) motion must be decided only upon the allegations set forth in the complaint, without considering any outside documents or available facts. If on a 12(b)(6) motion to dismiss, a party "presents matters outside the pleadings, the district court must convert the motion to dismiss into a motion for summary judgment, and give all parties a reasonable opportunity to present all material pertinent to such a motion under Rule 56." In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002). In deciding a 12(b)(6) motion to dismiss, the district court may only consider the complaint and limited categories of documents in order to "protect plaintiffs against, in effect, summary judgment by ambush." Id. (citing Bostic v. AT & T of the Virgin Islands, 166 F. Supp. 2d 350, 354-55 (D.V.I. 2001)). However, conversion to a motion for summary judgment is not required when a district court considers the following documents: (1) matters attached to the complaint; (2) matters incorporated into the pleadings by reference; (3) matters of public record; (4) matters integral to or upon which plaintiff's claim is based." In re Bayside, 190 F. Supp. 2d at 760 (internal citations omitted). The Third Circuit allows district courts to consider such documents because "neither party can claim prejudice or surprise by the court's reliance on the document." Id.

**B.     Rule 56 Summary Judgment**

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact. Id. "The burden has two distinct components: an initial burden of

production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III.   DISCRIMINATION CLAIMS

As Plaintiff states in his Opposition Brief, the Complaint is largely based on the alleged discrimination suffered by Plaintiff and the hostile work environment allegedly created by his supervisors. Count One of Plaintiff's Complaint seeks relief pursuant to the New Jersey Law Against Discrimination ("NJLAD"). Count Five seeks relief pursuant to Title VII.

Before reviewing the merits of Plaintiff's NJLAD claim, this Court must determine whether it has jurisdiction over this claim. Title VII is the exclusive judicial remedy for claims of discrimination in federal employment. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976). Accordingly, Plaintiff's NJLAD claims must be dismissed for lack of jurisdiction.

Additionally, Plaintiff's claims for relief brought pursuant to Title VII must also be dismissed for failure to satisfy the statutory jurisdictional requisites to suit. First, Plaintiff did not bring suit against John Potter, the Postmaster General and head of the U.S. Postal Service, as is required by 42 U.S.C. § 2000e-16(c). See Williams v. AAFES, 830 F.2d 27 (3d Cir. 1987) (affirming dismissal where plaintiff failed to name appropriate head of agency and denying request to amend complaint to add necessary defendant). Second, Plaintiff has failed to exhaust the necessary administrative procedures. Specifically, Plaintiff did not file an administrative charge of discrimination with the EEOC and did not obtain a right to sue letter. See Burgh v. Borough Council of Borough of

Montrose, 251 F.3d 465, 470 (3d Cir. 2001); McNasby v. Crown Cork and Steel Co., 888 F.2d 270, 282 (2d Cir. 1989). The Court is unpersuaded by Plaintiff's arguments that extraordinary circumstances justify tolling the time within which Plaintiff may exhaust administrative remedies. Upon review of Plaintiff's submissions, this Court finds no inequitable circumstances that prevented Plaintiff from filing within a timely manner. See Seitzinger v. Reading Hosp. and Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994) (identifying situations in which equitable tolling may be appropriate).

Finally, as to the individual Defendants, Plaintiff's Title VII claims must be dismissed because Title VII does not provide for individual liability. See Dici v. Commonwealth of Pa., 91 F.3d 542, 552 (3d Cir. 1996).

As set forth more fully below, dismissal of this claim against the Union Defendants is also appropriate. The Union Defendants fully and fairly represented Plaintiff and thus did not discriminate against him.

### IV.   TORT CLAIMS

Plaintiff also seeks relief under a variety of tort claims, including intentional infliction of emotional distress (Count Two), conspiracy (Counts Two and Nine), negligence (Counts Six and Nine), defamation (Count Eight), and abuse of process (Count Eight). However, it should be noted that Plaintiff's claims for relief are often vague and it is difficult to discern the specific causes of action under which Plaintiff is seeking relief.

First, this Court lacks jurisdiction over Plaintiff's tort claims against the federal Defendants - the Postal Service, Drayton, Thomas and Bongiovanni. The Federal Tort Claims Act ("FTCA") is the exclusive remedy for claims of tort against employees of the government. See U.S. v. Smith, 499

U.S. 160, 161-62 (1991) (citing 28 U.S.C. § 2679(b)(1)); Schrob v. Catterson, 967 F.2d 929, 934 (1992). The FTCA provides absolute immunity to federal agencies and federal employees for liability on tort claims. 28 U.S.C. § 2679(a), (b)(1); see U.S. v. Smith, 499 U.S. 160, 161-65 (1991). Neither Defendant Postal Service nor Defendants Drayton, Bongiovanni and Thomas are proper defendants in this action because only the United States government is a proper defendant on such claims. See Kieffer v. Vilk, 8 F. Supp. 2d 387, 393 (D.N.J. 1998) (quoting Dilg v. U.S. Postal Serv., 635 F. Supp. 406, 407 (D.N.J. 1986)). Accordingly, Plaintiff's tort claims against Defendant Postal Service and Defendants Drayton, Bongiovanni and Thomas are all barred.

Moreover, Plaintiff's claims regarding intentional torts - including, intentional infliction of emotional distress, defamation and abuse of process - are barred by the FTCA. See Matsko v. U.S., 372 F.3d 556, 560 (3d Cir. 2004) (citing 28 U.S.C. § 2680(h)).

In regard to the Union Defendants, from a review of the Complaint it appears that the only tort claims alleged against the Union Defendants are for conspiracy, negligence and intentional infliction of emotional distress. Compl. ¶¶19, 22, 28, 30. However, all of these claims directly relate to Plaintiffs' allegations that the Union Defendants did not adequately represent Plaintiff. This Court agrees with the Union Defendants that any tort claims brought against them are preempted by the LMRA because these claims are essentially claims relating to the Union Defendants' duty to represent Plaintiff.

**V.    CEPA CLAIM**

In Count Nine Plaintiff seeks relief pursuant to the New Jersey Conscientious Employee Protection Act ("CEPA"). CEPA protects employees from retaliatory actions taken by an employer, as defined by the statute. In this case, Plaintiff may not recover for any alleged retaliatory action

taken by Defendants because the federal government is not included within CEPA's statutory definition of "employer." See N.J.S.A. 34:19-2-a. Accordingly, Plaintiff's CEPA claim must be dismissed.

## VI.   CONTRACT CLAIMS

Count Three states that Plaintiff seeks relief pursuant to breach of contract and promissory estoppel theories. From a review of Plaintiff's Complaint it appears that Plaintiff refers to the collective bargaining agreement ("CBA") between the Postal Service and the Union. A claim for breach of the CBA is preempted by the LMRA. Allis-Chalmers v. Lueck, 471 U.S. 202 (1985). Accordingly, this claim is dismissed. Plaintiff's claims regarding breach of the CBA are discussed below in the context of the LMRA.

## VII.   FMLA CLAIM

Plaintiff's Count Four seeks relief pursuant to the Family and Medical Leave Act ("FMLA"). Plaintiff fails to cite which provisions of the FMLA under which he is seeking relief. This claim for relief fails to satisfy the Rule 8 pleading standard, requiring a short and plain statement upon which relief can be granted. The vague wording of this Count fails to put Defendants on notice of the nature of Plaintiff's claim. Accordingly, Count Four must be dismissed.

## VIII.   CONSTITUTIONAL AND FEDERAL STATUTORY CLAIMS

In Count Five, Plaintiff seeks relief pursuant to various constitutional provisions and federal statutory provisions, including the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1981, 1983 and 1985. None of these statutory or constitutional provisions provide grounds upon which relief can be granted.

First, 42 U.S.C. §§ 1981 and 1985 do not apply to the federal government. Specifically,

Section 1981 relates to nongovernmental discrimination. Section 1985 provides no right of relief against federal actors. Plaintiff was employed by the federal government. Accordingly, these sections do not provide a grounds for relief against the named Defendants. Moreover, Plaintiffs' vague references to these statutory provisions fail to put Defendants on notice of Plaintiff's claim, thereby failing to satisfy the Rule 8 pleading standard.

Second, 42 U.S.C. § 1983 is not the source of substantive rights, but rather is a "method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.4 (1979). Plaintiff's Complaint relies on Section 1983 as the jurisdictional basis for the constitutional causes of action. However, Section 1983 is an inadequate basis for jurisdiction because Section 1983 does not apply to claims based on federal action but only to claims based on *state* action. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). Here, Plaintiff seeks relief based on action taken by federal employees and a federal agency and not by an individual acting under the color of state law. Accordingly, Section 1983 does not vest this Court with jurisdiction to review Plaintiff's constitutional claims. Thus, Plaintiff's statutory and constitutional claims are dismissed as to the federal Defendants.

Additionally, these statutory and constitutional provisions do not serve as the basis for cognizable claims against the Union Defendants because the Union and Milito are private individuals. The Union Defendants are not state actors and these statutory and constitutional provisions do not create any protections or rights against actions taken by private individuals.

### IX. LMRA CLAIMS

In Count Seven of the Complaint, Plaintiff seeks relief pursuant to the LMRA. Plaintiff fails to cite the sections of the LMRA upon which he is seeking relief. Based on the vague pleading of

the Complaint, the Court is unable to discern Plaintiff's LMRA theory of relief as to the federal Defendants. Accordingly, the LMRA claim is dismissed as to the federal Defendants pursuant to Federal Rule of Civil Procedure 8.

Regarding the Union Defendants, Plaintiff more adequately states the asserted grounds for relief: breach of the Union Defendants' duty provide fair representation ("DFR"). Nevertheless, Defendants' motion to dismiss and for summary judgment must be granted as to Plaintiff's LMRA claim.

As an initial matter, Plaintiff's claims against Defendant Milito must be dismissed. Individual officers or members of a Union may not be held liable for breach of the duty of fair representation. See Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-48 (1962). Accordingly, the LMRA claims against Milito are dismissed.

All of Plaintiff's claims that occurred prior to September 17, 2005 are time-barred. The statute of limitations for DFR claims is six months. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-72 (1983); Bullock v. Dressel, 435 F.3d 294, 299 (3d Cir. 2006). Plaintiff's DFR claims accrued when he could have first successfully maintained a suit based on that cause of action. See Scott v. Local 863, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., 725 F.2d 226, 229 (3d Cir. 1984) (citing Santos v. Dist. Council, 619 F.2d 963, 969 (2d Cir. 1980)). Here, Plaintiff "alleges that the Union has not provided any meaningful representation since 1994." Compl. ¶11. Plaintiff did not file the Complaint in this action until March 17, 2006. Accordingly, he is not entitled to litigate actions that accrued prior to September 17, 2005. Any such claims must be dismissed.

Plaintiff cites the following incidents as breaches of the Union Defendants' duty to provide

fair representation: (1) the February 14, 2005 Letter of Warning; (2) the October 15, 2007 seven-day suspension; (3) the October fourteen-day suspension; and (4) the March 7, 2006 termination. The Union's actions relating to each of these occurred within six months of the filing of the Complaint, accordingly they are not time-barred.

### A. February 14, 2005 Letter of Warning and October 15, 2005 Seven-Day Suspension

On February 18, 2005, the Union filed a grievance on behalf of Plaintiff concerning a Letter of Warning issued to him by the Postal Service on February 14, 2005 for alleged "Unacceptable Conduct." Union Defs. Rule 56.1 Statement ¶8. The Union filed a timely grievance and processed the grievance to arbitration. On the day of the arbitration, the Postal Service, at the Union's insistence, agreed to expunge the February 14, 2005 Letter of Warning from Johnson's personnel file and the case was closed. Id.

On October 15, 2005, the Union filed a grievance on behalf of Johnson concerning a seven-day suspension he received on October 7, 2005. This matter was settled, reducing the suspension to a Letter of Warning that was subsequently expunged seven months later. Id. ¶8.

The Union achieved complete relief for Plaintiff in both these instances. These incidents do not give rise to a DFR claim because it is moot. See Feldstein v. U.S. Postal Serv., No. 93-6329, 1995 WL 686043, *3 (E.D. Pa. Nov. 17, 1995). See also Clayton v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am., 451 U.S. 679, 692 (1981).

### B. October 27, 2005 Fourteen-Day Suspension

On November 4, 2005, the Union filed a grievance on behalf of Johnson concerning a 14-day suspension that Plaintiff received on October 27, 2005. The Postal Service denied the grievance and

the Union filed a demand for arbitration. Union Defs. Rule 56.1 Statement ¶10. Thereafter, Plaintiff stated that he wished to retain his own attorney, rejecting the assistance of the Union. Id. ¶11. Plaintiff failed to provide either the Union or the Arbitrator with the name of his attorney as was required by the Arbitrator. Thus, On July 7, 2006, the Arbitrator dismissed the Union's demand for arbitration. Id. ¶14.

The undisputed facts show that the dismissal of Plaintiff's demand for arbitration is attributable solely to Plaintiff's own actions. Accordingly, this incident does not give rise to a breach of the Union's duty to provide fair and adequate representation. Moreover, dismissal is appropriate because Plaintiff has failed to exhaust the contractual grievance and arbitration provisions of the CBA. See Feldstein, 1995 WL 686043 at *2 (quoting Vaca v. Sipes, 386 U.S. 171, 184 (1967); see also Breininger v Sheet Metal Workers Int'l Ass'n Local No. 6, 493 U.S. 67, 80 (1989); Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965).

### C.     March 7, 2006 Termination

All of the actions the Union has taken on behalf of Johnson relating to his March 7, 2006 termination are currently awaiting responses. See Union Defs. Rule 56.1 Statement at ¶¶15-17 Accordingly, any claims for breach of the duty to provide fair representation are nor ripe and must be dismissed. See Marsans v. Commc'ns Workers of Am., No. 8700782, 1989 WL 43831, *11 (D.D.C. Apr. 19, 1989); Texas v. U.S., 523 U.S. 296, 300 (1998).

In sum, Plaintiff has not alleged and the record does not contain any incident that states sufficient grounds to support a claim for breach of the duty of fair representation. Accordingly, Plaintiff's LMRA against the Union must be dismissed.

**X.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss and for summary judgment is **granted**. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:     June   29  , 2007
Orig.:    Clerk
cc:       Counsel of Record
          The Honorable Mark Falk, U.S.M.J.
          File